IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AT AKRON, OHIO

STEPHEN W. BYERLY,
   PLAINTIFF,

CASE NO. 1:19-CV-2882

VS.

JUDGE OLIVER

JAMES L. DEWEESE, et al.,
   DEFENDANT(S).

**FILED**

**JAN 13 2020**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

MOTION FOR RECUSAL OF JUDGE SOLOMON OLIVER
AND RECUSAL
OF MAGISTRATE JUDGE RUIZ

PLAINTIFF MOVES FOR THE RECUSAL OF JUDGE SOLOMON OLIVER FROM THE ABOVE CASE FOR CONFLICT OF INTREST, AS HE IS A NAMED DEFENDANT IN BYERLY VS. DEWEESE, et al, CASE NUMBER 1:19-CV-2882. JUDGE OLIVER CANNOT BE A AND UNBIASED TRIER OF LAW AND FACT IN A CASE WHERE HE IS A PARTY TO THE ACTION, A N2 U.S.C. 1985(4)(2) ACTION.

PLAINTIFF MOVES THAT MAGISTRATE JUDGE RUIZ REMOVE HIMSELF FROM THIS CASE. AS PLAINTIFF IS NOT A PRISONER UNDER FEDERAL LAW 28 U.S.C. 1915(h). AND ANY PROCEDURAL/RULING WOULD MAKE HIM LIBEL TO PLAINTIFF. FURTHER NO STATE JURISDICTION ATTACHED TO THE INSTANT ACTION, DEPRIVING THE FEDERAL COURT OF ANY SUBJECT-MATTER JURISDICTION. 28 U.S.C. 636(b) DOES NOT APPLY WITHOUT STATE SUBSTANTIVE LAW BEING INVOKED AND RECORDED IN THE PUBLIC RECORD OF RICHLAND COUNTY CRIMINAL CASES 2002-CR-0021 AND 2002-CR-0424 D. NO SUBSTANTIVE LAW, STATE, WAS INVOKED State v. Mbodji (2011), 129 Ohio St.3d, 325, Syllabus. DEPRIVING FEDERAL COURTS OF SUBJECT MATTER JURISDICTION, Erie R. Co. v. Tompkins (1938), 304 U.S. 64. THIS COURT SHOULD APPLY AND FOLLOW THE WILL AND INTENT OF CONGRESS Connecticut Nat'l. Bank v. Germain (1992), 503 U.S. 249, 253-54. AS THE SUPREME COURT OF THE UNITED STATES SET FORTH. RECUSAL IS SOUGHT FOR JURISDICTIONAL REASONS, AND TO AVOID BRINGING MAGISTRATE RUIZ INTO THIS LITIGATION AS A PARTY.

Respectfully submitted,

1-5-2020

Stephen W. Byerly

MR. STEPHEN W. BYERLY, PRO SE
#A434-590
MARION CORR. INST.
P, O, Box 57
MARION, Ohio 43301-0057

(2)