UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHEN W. BYERLY, | ) CASE NO.: 1:19-CV-2882 |
| Plaintiff, | ) JUDGE: SOLOMON OLIVER, JR. |
| vs. | ) **MOTION TO DISMISS DEFENDANT** |
| JAMES L. DEWEESE, et al., | ) **TERRY HITCHMAN** |
| Defendants. | ) |

Now comes Defendant Terry Hitchman, by and through counsel, Mazanec, Raskin & Ryder Co., L.P.A., and, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6,) hereby respectfully move this Honorable Court to dismiss all claims against him.  This Motion is made on the basis that Plaintiff's claims are barred by the doctrine of collateral estoppel.  Furthermore, there is a lack of subject-matter jurisdiction; Plaintiff has failed to state a claim upon which relief can be granted; the Complaint is barred by the applicable statute of limitations; and Plaintiff cannot collaterally attack his state criminal convictions.  The basis for this Motion is more fully set forth in the Brief in Support, attached hereto and incorporated by reference herein.

Based upon the foregoing, Defendant Terry Hitchman respectfully requests that the Court dismiss Plaintiff's claims against him.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/Christina M. Nicholas*
JOSEPH F. NICHOLAS, JR.  (0038063)
CHRISTINA M. NICHOLAS (0091248)
100 Franklin's Row, 34305 Solon Road
Cleveland, OH  44139
(440) 248-7906/(440) 248-8861 – Fax
Email:   jnicholas@mrrlaw.com
            cnicholas@mrrlaw.com

*Counsel for Defendant Terry Hitchman*

**BRIEF IN SUPPORT**

**I.     STATEMENT OF FACTS**

This case arises out of Plaintiff Stephen W. Byerly's 2002 conviction for aggravated murder in an Ohio state court. Plaintiff claims that in January and July 2002, he was unlawfully prosecuted on two (2) indictments by Defendants James L. DeWeese ("DeWeese") and Bambi Couch-Page ("Couch-Page"). ECF 1 at ¶ 1. Specifically, Plaintiff asserts that on January 17, 2002, an arraignment of indictment was held illegally, and Defendant Terry Hitchman ("Hitchman") was appointed as his trial counsel. *Id.* Plaintiff claims that after a review of the case file, Hitchman "joined the conspiracy of DeWeese and Couch-Page by failing to object as no normal, formal criminal charge was filed invoking any federal right, duty, or obligation." *Id.* Plaintiff asserts that Defendants DeWeese, Couch-Page, and Hitchman conspired to violate his Fourth and Fourteenth Amendment rights. *Id.*

Plaintiff further claims that on April 23, 2019, Defendant Judge Oliver Solomon, Jr. ("Judge Solomon") joined in the conspiracy of DeWeese, Couch-Page, and Hitchman by not allowing Case No. 1:19 CV 912 to go forward against DeWeese, Couch-Page, and Hitchman. *Id.* at ¶ 2. Specifically, Plaintiff asserts that Judge Solomon ruled that Plaintiff was a prisoner "without any official fact in the record" and certified that an appeal could not be taken in good faith. *Id.* Plaintiff further claims that Defendant Robert R. Whitney ("Whitney"), appointed co-counsel with Hitchman, failed to object as no formal, official criminal charge was filed against Plaintiff in the 2002 cases. *Id.* at ¶ 3. Specifically, Plaintiff asserts that Whitney conspired with DeWeese, Couch-Page, and Hitchman to deny Plaintiff his civil rights. *Id.*

2

Plaintiff moves this Court to award him seven (7) figure compensatory and punitive damages on his claims and asks the Court for a declaratory judgment as to his legal status. Plaintiff's Complaint should be dismissed as his claims are barred by the doctrine of collateral estoppel, there is a lack of subject-matter jurisdiction, Plaintiff has failed to state a claim upon which relief can be granted, the Complaint is barred by the applicable statute of limitations, and Plaintiff cannot collaterally attack his state criminal convictions.

## II.   LAW AND ARGUMENT

### A.   Plaintiff's claims are barred by the doctrine of collateral estoppel.

The Ohio Supreme Court has clearly stated that "[t]he doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question is a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Fort Frye Teachers Ass'n, OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St. 392, 395, 692 N.E.2d 140 (1998), *citing Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943); *Trautwein v. Sorgenfrei*, 58 Ohio St.2d 493, 391 N.E.2d 326 (1979); *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 443 N.E.2d 978 (1983). The Ohio Supreme Court further stated that "under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nonetheless affect the outcome of the second suit. *Id.*

Plaintiff claims that Hitchman conspired with DeWeese, Couch-Page, and Whitney to violate his Fourth and Fourteenth Amendment rights. Plaintiff made the same claims in Case No. 1:19 CV 912. In that case, this Court dismissed the claims against Hitchman, finding that "Plaintiff's only specific allegation against Hitchman – that he failed to object to the indictment –

3

does not support his assertion that Hitchman conspired with DeWeese or Couch-Page to convict him under an invalid indictment or otherwise reasonably suggest that he acted 'under color of state law.' Hitchman . . . is dismissed." *See* Case No. 1:19 CV 912, ECF 11, PageID#: 59. Furthermore, this Court found that Plaintiff failed to allege any plausible constitutional claim upon which he could be granted relief under 42 U.S.C. § 1983 and that the Complaint was time-barred. *Id.* at PageID#: 59-61. The Court certified that an appeal could not be taken in good faith. *Id.* at PageID#: 61. Thus, the issue of whether Hitchman conspired with DeWeese, Couch-Page, and Whitney to violate Plaintiff's Fourth and Fourteenth Amendment rights has already been determined by this Court. That issue has already been passed upon and decided and cannot be drawn into question again in the within suit.

Based on the fact that this Court has already determined that Hitchman did not conspire with DeWeese, Couch-Page, and Whitney to violate Plaintiff's Fourth and Fourteenth Amendment rights, Plaintiff's Complaint should be dismissed.

**B.     There is a lack of subject-matter jurisdiction.**

Even if Plaintiff's claims were not barred by the doctrine of collateral estoppel, Plaintiff's Complaint should still be dismissed due to a lack of subject-matter jurisdiction. Federal Rule of Civil Procedure 8 provides, in pertinent part, that a pleading that states a claim for relief must provide: "a short and plain statement of the grounds for the court's jurisdiction." In his Complaint, Plaintiff asserts that this Court has subject-matter jurisdiction under 42 U.S.C. §1985(2) and 42 U.S.C. §1985(3). 42 U.S.C. §1985 is not a valid basis for subject-matter jurisdiction. As such, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for a lack of subject-matter jurisdiction and Fed. R. Civ. P. 8 as an improperly plead Complaint.

4

    **C.**    **The Complaint fails to state a claim upon which relief can be granted.**

Even if Plaintiff's claims were not barred by the doctrine of collateral estoppel, Plaintiff's Complaint should still be dismissed because the Complaint fails to state a claim upon which relief can be granted.  The procedure for considering a Motion to Dismiss under Rule 12(b)(6) is well established:

> When deciding a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), the inquiry is essentially limited to the content of the complaint . . . [t]he court must accept all the allegations stated in the complaint as true, while viewing the complaint in the light most favorable to the plaintiff.  A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation."

*Almendares v. Palmer*, 284 F.Supp.2d 799, 802 (N.D. Ohio 2003) (citations omitted), *quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The Supreme Court further held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its fact."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
> …
> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *quoting and citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 564, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555.

    **1.**    **The Complaint fails to state a claim under 42 U.S.C. §1985.**

Plaintiff brings the within action under 42 U.S.C. §1985(2) and 42 U.S.C. §1985(3). 42 U.S.C. §1985(2) deals with obstructing justice; intimidating a party, witness, or juror.  42 U.S.C. §1985(3) addresses depriving persons of rights or privileges.

5

        **a.**       **Plaintiff's 42 U.S.C. §1985(2) Claims.**

"Section 1985(2) establishes a cause of action for conspiracy to, among other things, obstruct justice or to intimidate a party, witness, or juror." *Barrow v. City of Hillview, Kentucky*, 775 Fed.Appx. 801, 806, *citing* 42 U.S.C. 1985(2). Plaintiff's Complaint does not provide grounds for a conspiracy to obstruct justice or to intimidate a party, witness, or juror. The Complaint does not make a "threadbare recitation of the elements," nor does it state a claim with facial plausibility. As such, Plaintiff's Complaint should be dismissed.

        **b.**       **Plaintiff's 42 U.S.C. §1985(3) Claims.**

"42 U.S.C. §1985(3) provides a civil remedy for persons injured by conspiracies to deprive them of their right to equal protection under the laws. A § 1985(3) claim stems from a conspiracy that: (1) interferes with a United States citizens' right or privilege; and (2) is motivated by a racial or other class-based, invidiously discriminatory animus." *Jamison v. Galena*, 2015-Ohio-2845, 38 N.E.3d 1176, ¶ 47 (5th Dist.) (citations omitted). "An essential prerequisite for an action under § 1985(3) . . . is evidence that the defendant's conduct was motivated by racial or class-based discriminatory animus in violation of plaintiff's right to equal protection of the law." *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). "[T]o sustain a claim under §1985(3), a claimant must prove both membership in a protected class and discrimination on account of it." *Jamison* at ¶ 48, *citing Bartell v. Lohiser*, 215 F.3d 550 (6th Cir.2000).

Plaintiff's Complaint does not provide grounds for a conspiracy by Defendants. Moreover, the Complaint does not suggest any racial or other class-based, invidiously discriminatory animus and does not suggest that Plaintiff is a member of a protected class. As such, Plaintiff's Complaint should be dismissed.

### D. Plaintiff's claims are barred by the applicable statute of limitations.

Even if Plaintiff's claims were not barred by the doctrine of collateral estoppel, Plaintiff's claims are time-barred. "Because neither [§] 1983 nor [§] 1985 contains a statute of limitations a 'federal district court must apply the statute of limitations of the state where it sits which would be applicable in the most closely analogous state action to determine the time within which the cause of action must be commenced.'" *Carmicle v. Weddle*, 555 F.2d 554, 555 (6th Cir.1977), *quoting Mason v. Owens-Illinois, Inc.*, 517 F.2d 520, 521 (6th Cir.1975). "[T]he statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1985 is two years, as found in Ohio Revised Code §2305.10." *Amos v. Solovan*, S.D.Ohio No. 2:17-CV-819, 2017 WL 4168407, *2 (Sept. 19, 2017), *applying Sykes v. United States*, 507 Fed.Appx. 455, 462 (6th Cir.2012) (*citing Browning v. Pendleton*, 869 F.2d 989 (6th Cir.1989).

Plaintiff's claims against Defendant Hitchman accrued on January 9, 2002 and July 9, 2002, but the Complaint was not filed until December 13, 2019 – well over two (2) years later – and, as such, the claims are barred by the statute of limitations. Moreover, Plaintiff has not alleged a basis for tolling, nor does one exist. Therefore, Plaintiff's Complaint should be dismissed because his claims are time-barred.

### E. Plaintiff cannot attack his state criminal convictions.

Even if Plaintiff's claims were not barred by the doctrine of collateral estoppel, he cannot attack his state criminal convictions. "It is axiomatic that actions for damages pursuant to 42 U.S.C. §§ 1983 and 1985 are inappropriate vehicles for collaterally attacking state criminal convictions." *Barnes v. Dorsey*, 354 F.Supp. 179, 184 (E.D.Mo. 1973), *citing Gaito v. Ellenbogen*, 425 F.2d 845, 848 (3rd Cir.1970). In his Complaint, Plaintiff asks this Court "for a declaratory judgment of [his] legal status." *See* ECF 1, Page ID#: 4. By asking this Court for a declaratory

judgment as to his legal status, Plaintiff is collaterally attacking his state criminal convictions.  At the state level, Plaintiff has appealed his convictions at least five (5) times.  Richard Cnty., Ohio Common Pleas Case Nos. 2002 CA 0081, 2005 CA 0054, 2011 CA 0023, 2012 CA 0041, and 2012 CA 0048.  Moreover, Plaintiff has filed several federal actions relative to his incarceration and access to appellate procedure.  N.D. Ohio Case Nos. 1:05-CV-01095, 1:12-CV-01841, and 1:14-CV-01183; S.D. Ohio Case Nos. 2:12-CV-00626, 2:13-CV-00411, 2:14-CV-00266, and 2:18-CV-00388.  This case is another attempt by Plaintiff to collaterally attack his state criminal convictions.  Therefore, Plaintiff's Complaint should be dismissed.

### III. CONCLUSION

For these reasons, this Honorable Court should grant Defendant Hitchman's Motion to Dismiss, and Plaintiff's claims should be dismissed with prejudice.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/Christina M. Nicholas*
JOSEPH F. NICHOLAS, JR.  (0038063)
CHRISTINA M. NICHOLAS (0091248)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jnicholas@mrrlaw.com
              cnicholas@mrrlaw.com

*Counsel for Defendant Terry Hitchman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2020, a copy of the foregoing Motion to Dismiss Defendant Hitchman was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Additionally, on February 18, 2020, a copy of this Motion to Dismiss was served upon the following by United States mail, postage prepaid:

Stephen W. Byerly
Marion Correctional Institution - # A434-590
P.O. Box 57
960 Marion-Williamsport Rd.
Marion, OH 43301

*Pro Se Plaintiff*

James L. DeWeese
50 Park Avenue East, Ste. 3
Mansfield, OH 44902

*Defendant*

Bambi Couch-Page
38 Park Street South, 2nd Floor
Mansfield, OH 44902

*Defendant*

Robert R. Whitney
13 Park Avenue West, Ste. 400
Mansfield, OH 44902

*Defendant*

                                        */s/Joseph F. Nicholas*
                                        JOSEPH F. NICHOLAS, JR.  (0038063)
                                        CHRISTINA M. NICHOLAS (0091248)

                                        *Counsel for Defendant Terry Hitchman*

ASPSIC-190247/MTD Def Hitchman