# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN W. BYERLY, | : | Case No. 1:19-CV-2882 |
| Plaintiff. | : | |
| v. | : | JUDGE PATRICIA ANNE GAUGHAN |
| JAMES L. DeWEESE, et al., | : | |
| Defendants. | : | |

## MOTION TO DISMISS

Now comes Defendants Bambi Couch Page, former Assistant Prosecuting Attorney, Richland County, Ohio, and James L. DeWeese and/or successor in Office, Richland County Court of Common Pleas, by and through the undersigned counsel, and moves this Honorable Court to dismiss the Complaint filed December 13, 2019 in the above captioned matter pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A memorandum in support follows.

Respectfully submitted,

/s/Jonathon C. Elgin
Jonathon C. Elgin, Esq. (OH 0096390)
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 South Park Street, Second Floor
Mansfield, OH 44902
419-774-5676
jcelgin@richlandcountyoh.us

## Memorandum in Support

### Lack of Subject Matter Jurisdiction – Fed. R. Civ. P. 8, Fed. R. Civ. P.12(b)(1)

Fed. R. Civ. P. 8 requires that a pleading state a "short and plain statement of the grounds for the court's jurisdiction" in the matter. Plaintiff has alleged that the Court has subject matter jurisdiction under 42 U.S.C. § 1985. 42 U.S.C. § 1985 is not a jurisdictional statute and does not grant the Court subject matter jurisdiction over any type of case.

Plaintiff has not plead a valid basis for subject matter jurisdiction. Each subject-matter jurisdiction statute has specific elements and limitations upon jurisdiction. Defendants cannot determine subject matter jurisdictional objections or challenges. Defendants are unfairly prejudiced by Plaintiff's failure to properly plead subject-matter jurisdiction because they cannot prepare adequate defenses or objections to jurisdiction. Because the Plaintiff has not plead a basis for this Court's subject matter jurisdiction, the matter should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and as an improperly plead complaint under Fed. R. Civ. P. 8.

### Judicial and Prosecutorial Immunity

Judicial officers are immune from civil suits for money damages related to actions taken in a judicial capacity. See, e.g. *Mireles v. Waco*, 502 U.S.9 (1991); *Barnes v. Winchell*, 105 F.3d 1111 (6th Cir. 1997). Prosecutors are entitled to immunity from damages related to the prosecution and presentation of the state's case. See, e.g. *Imbler v. Pachtman*, 424 U.S. 409 (1976), *Pusey v. Youngstown*, 11 F.3d 652 (6th Cir. 1993).

The rationale behind such immunity flow from the independence and impartiality exercise

of judicial and prosecutorial duties. A judge should not be persuaded by the threat of damages from a dissatisfied litigant. *Barnes*, 105 F.3d at 1115. Immunity can only be overcome in two scenarios: (1) where the conduct is performed at a time when the defendant is not acting as a judge, or (2) when the conduct is judicial in nature but is taken without any jurisdiction. *Mireles,* 502 U.S. at 11-12; *Barnes,* 105 F.3d at 1116. Neither exception applies here, therefore Defendant James DeWeese is immune from the claims against him.

A prosecutor must exercise best professional judgment in deciding which suits to prosecute, and the threat of person exposure in monetary damages could constrain that decision making. *Imbler*, 424 U.S. at 424. Absent these immunities, these suits could perpetuate with regularity, and could lead to a tool by which a resentful defendant imposes improper and malicious actions against prosecutors (and judicial officers). *Id.* at 425. As such, Defendant Bambi Couch Page is immune from this suit.

**Issue Preclusion**

Under Ohio law, "a fact or point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question is a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Fort Frye Teachers Ass'n, OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St. 392, 395, 692 N.E.2d 140 (1998), citing *Norwood v. McDonald,* 142 Ohio St. 299, 52 N.E.2d 67 (1943).

In this case, Plaintiff argues the same operative facts most recently argued in NDOH Case No. 1:19 CV 912. In that case, the Court held Defendants DeWeese and Couch Page were extended absolute immunity from monetary damages and dismissed the parties. See NDOH Case No 1:18

CV 012, Doc. #11, Page 3. This Court found that Plaintiff failed to allege any plausible constitutional claim upon which he could be granted relief under 42 U.S.C. § 1983 and that the Complaint was time-barred. *Id.* at 4. The Court has already determined the issue of conspiracy to violate civil rights by these parties. The new complaint simply adds the previous trial judge as a newly alleged coconspirator. Based on the fact that this Court has already determined that Hitchman did not conspire with DeWeese, Couch-Page, and Whitney to violate Plaintiff's Fourth and Fourteenth Amendment rights, Plaintiff's Complaint should be dismissed.

### Failure to State a Claim Upon Which Relief can be Granted - Fed. R. Civ. P. 12(b)(6)

In order to survive a Fed. R. Civ. P. 12(b)(6) motion, the Plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678 (citing *Twombly*, 550 U.S. at 556). Allegations must plausibly suggest, not merely be consistent with, an entitlement to relief. *Twombly*, 550 U.S. at 557. The facts in the Complaint must "raise a right to relief above the speculative level," and into the "realm of plausible liability." See *Twombly*, 550 U.S. at 555. The complaint must allege enough facts to move past *possibility* and on to *plausibility* of "entitlement to relief." *Id.* at 558 (emphasis added).

Plaintiff's obligation to "provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted)(citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 550 U.S. at 561 (citation omitted). Courts will not assume that a plaintiff can prove facts beyond those alleged in the complaint. *See Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

***The Complaint Fails to Establish a Plausibility under 42 U.S.C. § 1985***

The Complaint references 42 U.S.C. § 1985 as the cause of action under which Plaintiff proceeds. When the clerk docketed the matter as a 42 U.S.C. § 1983 action, Plaintiff filed two motions to correct and reassert that he is proceeding under 42 U.S.C. § 1985. Pl.'s Mot. To Correct ECF 5 & 7. Plaintiff has made it clear upon the record that he is proceeding under 42 U.S.C. § 1985 and not under 42 U.S.C. § 1983 or any other cause of action.

42 U.S.C. § 1985 contains three distinct subsections. 42 U.S.C. § 1985(1) addresses preventing an officer from performing official duties. 42 U.S.C. § 1985(2) addresses obstructing justice; intimidating a party, witness, or juror. 42 U.S.C. § 1985(3) deals with depriving persons of rights or privileges.

*42 U.S.C. 1985(2) Claims*

42 U.S.C. 1985(2) deals with two or more persons conspiring to improperly influence a party, witness, or juror or impeding, hindering, obstructing, or defeating the judicial process. Although the Plaintiff cites 42 U.S.C. § 1985(2) as a cause of action in this matter, in no way does the complaint provide grounds for influence or intimidation of a party, witness or juror, nor does it make any factual allegation as to how any defendant impeded, hindered, obstructed, or defeated the judicial process. The Complaint makes no "threadbare recitation of the elements" let alone

meet the standard of pleading plausible factual bases for Plaintiff's claim.

In *Thompson v. Hiether*, 235 F.2d 176 (6th Cir. 1956), the 6th Circuit Court of Appeals upheld the dismissal for failure to state a claim where an in inmate convicted of a felony in state court, four years later, filed complaint against the prosecutor who tried the case, the judge who heard the case, and various other state officers. The inmate claimed damages in fantastic amounts against the judicial officers who ordered his imprisonment. The Court found that vague generalizations and relying upon speculation rather than demonstrable reality was not enough to give rise to a 42 U.S.C. § 1985 claim. The case at bar is nearly analogous, except that the present claim arises out of conduct nearly 17 years in the past.

*42 U.S.C. § 1985(3) Claims*

42 U.S.C. 1985(3) deals with conspiracy to deprive another's civil rights. There are five elements to establish a 42 U.S.C. § 1§985(3) claim: (1) a conspiracy; (2) with intent to deprive a person, or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an invidious, class-based animus; (4) an act in furtherance of the conspiracy; and (5) an injury. *Scott v. Moore*, 461 F. Supp. 224 at 227 (E.D. Tex. 1978), aft'd, 680 F.2d 979 (5th Cir. 1982), *rev'd sub nom., United Bhd. of Carpenters, Local 610 v. Scott*, 103 S. Ct. 3352 (1983); See, also, *McLellan v. Mississippi Power & Light Co.*, 545 F.2d 919 (5th Cir. 1977) (en banc).

Invidious, class-based animus is an essential element of a 42 U.S.C. § 1985 claim. *Griffin v. Breckenridge,* 403 U.S. 88, 102; 29 L. Ed. 2d 338, 348 (1971); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973); *Crabtree v. Brennan*, 466 F.2d 480, 481 (6th Cir. 1972). It is not a mere federal tort law; it requires invidiously discriminatory motivation based on a protected class. *Id.* The motivational aspect of 42 U.S.C. § 1985(3) is not *scienter* but instead invidiously

discriminatory animus. *Id.* at footnote 10. Deprivation of the equal enjoyment of rights secured by the law to all is suggesting a deprivation based on attitudes or prejudices against a protected class of persons. *Id.* at footnote 10.

Plaintiff's Complaint offers no factual basis, nor the existence of facts yet to be discovered, that demonstrate conspiracy by the named Defendants. Plaintiff's complaint suggests no invidious, class-based animus. The Plaintiff can offer no factual basis or existence of facts yet to be discovered as to invidious discrimination or class-based animus exists. Further, Defendant knows of no protected class to which Plaintiff could claim as basis of any alleged animus. Plaintiff has not plead any plausible cause of action under 42 U.S.C. § 1985 and therefore his complaint should be dismissed for failing to state a cause of action under *Twombly/Iqbal* plausibility.

*Statute of Limitations*

The applicable statute of limitations for 42 U.S.C. § 1985 actions is governed by the statute of limitations of the state from which claim arises. *Savage v. United States*, 450 F.2d 449 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 92 S. Ct. 1327, 31 L. Ed. 2d 585 (1972), reh'g denied, 406 U.S. 951, 92 S. Ct. 2048, 32 L. Ed. 2d 339 (1972), overruled in part, *Garmon v. Foust*, 668 F.2d 400 (8th Cir. 1982). The two-year general personal injury or "residual" statute of limitations found in Ohio Rev. Code § 2305.10 applies to 42 U.S.C. § 1985 actions. *Walker v. Lakewood*, 742 F. Supp. 429, 430 (N.D. Ohio 1990), applying *Owens v. Okure*, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989) (Appropriate state statute of limitations in § 1983 actions is residual or general personal injury statute); *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (en banc) [Holding Ohio Rev.Code Ann. § 2305.10 (two years) applicable]; *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987) [§ 1983 statute applies equally to § 1985].

In this case the alleged cause of action(s) would have accrued on January 9, 2002 and July 9, 2002. Complaint, Para. 1. The two-year statute of limitations would have expired January 10, 2004 and July 10, 2004 respectively. Now, fifteen years past the expiration of the applicable statute of limitations, Plaintiff alleges his complaint. No basis for tolling has been alleged or exists. The only causes of action suggested are time-barred by Plaintiff's failure to assert his claim(s). No justiciable claim has been presented in Plaintiff's Complaint, therefore dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate.

### *Relitigating Underlying Conviction*

Multiple appellate districts have held that the issue of prisoner's guilt will not be relitigated in action under 42 U.S.C. § 1985 for deprivation of rights by alleged conspiracy to bring about his conviction. *Gaito v. Strauss*, 249 F. Supp. 923 (W.D. Pa.), aff'd, 368 F.2d 787 (3d Cir. 1966); *Barnes v. Dorsey*, 354 F. Supp. 179 (E.D. Mo.), aff'd, 480 F.2d 1057 (8th Cir. 1973). Plaintiff's prayer for "declaratory judgment of Plaintiff's legal status" and questions of jeopardy are directly relitigating his conviction. In addition to Plaintiff's original criminal case he has exercised at least six appeals in state courts challenging his conviction and imprisonment. Richland Co., Ohio Common Pleas cases 2002 CR 0424, 2005 CA 0054, 2010 MIS 0025, 2011 CA 0023, 2012 CA 0041, and 2012 CA 0048. Plaintiff has already availed himself of federal relief determining the validity of his incarceration and access to appellate procedure. NDOH cases 1:05-CV-01095, 1:12-CV-01841, 1:14-CV-01183, SDOH cases 2:12-CV-00626, 2:13-CV-00411, 2:14-CV-00266, 2:18-CV-00388. The present matter is an attempt to again relitigate the underlying conviction which has been heard through the state appellate process and the federal *habeas corpus* and related procedures.

**WHEREFORE**, for the foregoing reasons, Defendant prays this Honorable Court to dismiss with prejudice the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), dismiss Defendants James DeWeese and Bambi Couch Page pursuant to the same, and for any other relief in law or equity.

Respectfully submitted,

/s/Jonathon C. Elgin
Jonathon C. Elgin, Esq. (OH 0096390)
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 South Park Street, Second Floor
Mansfield, OH 44902
419-774-5676
jcelgin@richlandcountyoh.us

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 2nd day of March, 2020, a true and accurate copy of the foregoing MOTION TO DISMISS was served via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Joseph F. Nicholas, Jr., *attorney for Defendant Terry D. Hitchman*

Any by regular U.S. mail, postage prepaid on:

Stephen W. Byerly Inmate # A434590
960 Marion-Williamsport Rd.
PO Box 57
Marion, OH 43301-0057

Robert H. Whitney, Esq.
13 Park Ave West, STE 300
Mansfield, OH 44902

/s/ Jonathon C. Elgin_____
Jonathon C. Elgin, Esq. (OH 0096390)
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 South Park Street, Second Floor
Mansfield, OH 44902
419-774-5676
jcelgin@richlandcountyoh.us