IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN W. BYERLY, | ) | CASE NO. 19-CV-002882 |
| Plaintiff, | ) ) | JUDGE PATRICIA ANNE GAUGHAN |
| v. | ) ) | |
| JAMES L. DEWEESE, *et al*., | ) ) | **MOTION TO DISMISS DEFENDANT** **ROBERT R. WHITNEY** |
| Defendants. | ) ) | |

Defendant Robert R. Whitney, by and through counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby moves this Court to dismiss all claims against him, on the grounds that Plaintiff's Complaint is time barred and fails to plead any plausible cause of action under 42 U.S.C. §1985(2) or (3), the statutes Plaintiff designated as the basis for jurisdiction of this matter.  Additionally, this Complaint is barred by the doctrine of collateral estoppel, as it mimics a complaint plaintiff filed in this court less than one year ago against Defendant Whitney and other named defendants.  The basis for this Motion is not unlike that of the other similarly styled Motions already filed in this Case.  For the sake of brevity, Defendant Whitney will set forth the his arguments in the attached Brief, while also expressly incorporating by reference the law and arguments made by other similarly situated defendants in this matter.

Based upon the foregoing, Defendant Robert R. Whitney respectfully requests that the Court dismiss Plaintiff's claims against him forthwith.

Respectfully submitted,

*/s/ Victoria L. Vance*
Victoria L. Vance (0013105)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113
Telephone:   216.592.5000
Facsimile:    216.592.5009
E-mail:        victoria.vance@tuckerellis.com

*Attorney for Defendant Robert R. Whitney*

# BRIEF IN SUPPORT

## I.  STATEMENT OF FACTS

Paragraph 3 of Plaintiff's Complaint alleges that eighteen years ago, in January 2002, Robert R. Whitney was appointed to serve as his co-counsel, along with attorney Terry Hitchman (also a named defendant in this case), in defense of a criminal case, but allegedly failed in that representation (for reasons that are vaguely stated and difficult to discern).  Plaintiff further alleges that Attorney Whitney conspired with defendants DeWeese, Couch-Page, and Hitchman to deny Plaintiff's civil rights and due process of law.  Plaintiff references 42 U.S.C. §1985(2) and (3) as the basis for his causes of action against Attorney Whitney and prays for a substantial award of compensatory and punitive damages, and for a declaratory judgment "of his legal status", while incorrectly citing Ohio Rev. Code §2931.02 as the basis for that relief.

Plaintiff's Complaint against Defendant Whitney should be dismissed as his claims are time barred and fail to state any plausible cause of action upon which relief can be granted.

## II.  LAW AND ARGUMENT

### A.  Plaintiff's Claims Are Time Barred

Ohio's two year statute of limitations for personal injury claims (R.C. §2305.10) applies to 42 U.S.C. §1985 actions.  *Walker v. Lakewood,* 742 F. Supp 429, 430 (N.D. Ohio 1990), applying *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed 2d 594 (1989).  In this case, the alleged causes of action against Mr. Whitney accrued on January 17, 2002. Compl. ¶3.  The two year statute of limitations expired on January 17, 2004.  No argument or basis exists to toll the statute of limitations that would otherwise apply.  Thus the causes of action alleged against

3

Mr. Whitney are time barred and should be dismissed.  Relief under Fed.R.Civ.P. 12(b)(6) is fair and appropriate.

      **B.**      **Plaintiff Has Failed To State Plausible Claims Under 42 U.S.C. §1985**

The elements required to set forth a cause of action under 42 U.S.C. §1985(2) and (3), have been ably and accurately set forth in the Motions to Dismiss filed by Defendant Terry Hitchman (Mr. Whitney's co-counsel in the 2002 criminal defense proceedings), and by Defendant Bambi Couch Page and James L. DeWeese.  ECF 9 and 11, respectively.  For the sake of brevity and judicial economy, Defendant Whitney incorporates by reference, at though fully set forth herein, the legal arguments and authorities previously presented to this court for the proposition that Plaintiff's Complaint fails to state claims under 42 U.S.C. §1985.  This statute is reserved of obstructing justice, intimidating a party witness or juror, or depriving persons of rights or privileges.  Paragraph 3 of Plaintiff's Complaint, directed to Defendant Whitney, does not state intelligible or cognizable facts or grounds sufficient to support claims under 42 U.S.C. §1985(2) and (3).  The failure to state even "threadbare" elements of the causes of action warrant dismissal.  *Ashcroft v. Iqbal,* 556 U.S. 662, 7678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct 1955, 167 L.Ed.2d 929 (2007)).

      **C.**      **Plaintiff Cannot Bring Repeated Claims and Collaterally Attack His State Court Conviction**

Defendant Whitney also joins in and incorporates by reference the arguments for dismissal based upon the doctrine of collateral estoppel and because he is improperly attempting to use this action to attack his state court criminal convictions.  As persuasively argued by Defendant Hitchman, such attempts are disallowed.  ECF 9.  This Plaintiff has had ample opportunity to access the state court appellate system to challenge his convictions and has sought relief in federal courts numerous times, most recently last year.  (In the N.D. Ohio:  Cases

1:05-CV-01095, 1:12-CV-01841, 1:14-CV-01183, and 1:19-CV-00912; and in the S.D. Ohio: Cases 2:12-CV-00626, 2:13-CV-00411, 2:14-CV-00266, and 2:18-CV-00388). This further attempt has no basis in law or fact and Plaintiff's Complaint should be dismissed.

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2020, a copy of the foregoing MOTION TO DISMISS was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

A copy of this filing will also be served by U.S. mail, postage prepaid, upon:

Stephen W. Byerly Inmate #A434590          *Pro Se*
960 Marion-Williamsport Rd.
P.O. Box 57
Marion, OH  43301-0057


*/s/ Victoria L. Vance*
Victoria L. Vance (0013105)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: victoria.vance@tuckerellis.com

*Attorney for Defendant Robert R. Whitney*

011878\000082\4599223.1